NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000135**
**11-AUG-2015**
**08:09 AM**

NO. CAAP-15-0000135

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SHIRLEY PISO PICO,
Plaintiff/Appellant-Appellant,
v.
KAPIOLANI MEDICAL CENTER FOR WOMEN HEALTH,
Employer/Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2527)


ORDER GRANTING JULY 20, 2015 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Appellee-Appellee Kapiolani Medical Center for Women and Children's[1] (Appellee Kapiolani) July 20, 2015 motion to dismiss appellate court case number CAAP-15-0000135 for lack of appellate jurisdiction, (2) the lack of any

---

[1] It appears that Appellant-Appellant Shirley P. Pico incorrectly named this party "Kapiolani Medical Center for Women Health."

memorandum by Appellant-Appellant Shirley P. Pico (Appellant Pico) in opposition to Appellee Kapiolani's July 20, 2015 motion, and (3) the record in this case, it appears that we lack jurisdiction over the appeal that Appellant Pico has asserted from the Honorable Rhonda A. Nishimura's February 20, 2015 order denying Appellant Pico's motion to set aside a prior January 22, 2015 dismissal order, because the circuit court has not reduced the January 22, 2015 dismissal order to a separate judgment, as Rules 58 and 72(k) of the Hawaiʻi Rules of Civil Procedure (HRCP) require in an administrative appeal from a circuit court pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014).

"Review of any final judgment of the circuit court or, if applicable, the environmental court, under this chapter shall be governed by chapter 602." HRS § 91-15 (Supp. 2014). The Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2014). Under HRS § 641-1(a), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered <u>in favor of and against the appropriate parties</u> pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawaiʻi 14, 20, 122 P.3d 809, 815 (2005) (citation omitted). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment."

<u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted).

Although the instant case involves an administrative appeal, HRCP Rule 72(k)[2/] similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). The separate judgment document rule under the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u> applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. <u>See</u>, <u>e.g.</u>, <u>Raquinio v. Nakanelua</u>, 77 Hawaiʻi 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in <u>Jenkins</u> apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). Therefore, where a circuit court failed to reduce dispositive orders in an administrative appeal to a separate judgment, we dismissed the appeal for lack of jurisdiction:

> In Raquinio's case, the requirements of HRCP Rules 58 and 72(k) and <u>Jenkins</u> apply and have not been satisfied. Therefore, Raquinio's appeal is premature, and we do not have appellate jurisdiction.
> Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

<u>Id.</u>

Likewise in the instant administrative appeal, the requirements of HRCP Rule 58, HRCP Rule 72(k) and <u>Jenkins v. Cades Schutte Fleming & Wright</u> apply, and yet the requirements for appealability have not been satisfied because the circuit court has not reduced the January 22, 2015 dismissal order to a separate judgment that, on its face, resolves all claims in this case by entering judgment in favor of and against the

---

[2/] HRCP Rule 81(e) requires that the Hawaiʻi Rules of Civil Procedure "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

appropriate parties.  On April 16, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000135, which does not include a separate judgment.  Absent an appealable final judgment, Appellant Pico's appeal is premature and we lack jurisdiction.  Therefore,

IT IS HEREBY ORDERED that Appellee Kapiolani Medical Center for Women and Children's July 20, 2015 motion to dismiss appellate court case number CAAP-15-0000135 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000135 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, **August 11, 2015.**

Chief Judge

Associate Judge

Associate Judge

-4-